UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DASHAUN OUTLAW,                                 **COMPLAINT**

                                                     **22 cv 9288**

                                                     **ECF Case**

                           Plaintiff,
             vs.

The CITY OF NEW YORK,
JOHN DOES 1-10,                             **JURY TRIAL DEMANDED**
in their individual and official capacities,

                          Defendants.
-------------------------------------------------------------x

Plaintiff Dashaun Outlaw, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Dashaun Outlaw ("Plaintiff" or "Outlaw") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, unlawful entry, illegal search and seizure, excessive force, and failure to intervene. Additionally, Plaintiff asserts analogous claims under New York State and New York City Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state, municipal, and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. The individual defendants, Police Officers John Does 1-10, are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

8. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

9. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

10. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

11. On December 31, 2021, around 2 p.m., Plaintiff was inside his home at 2101 Madison Avenue, Apartment 2A, in Manhattan, New York.

12. Plaintiff was socializing with two male acquaintances, and they were doing absolutely nothing unlawful.

13. When one of Plaintiff's acquaintances, known to him as "Marley," was about to leave the apartment and opened the door, a group of at least ten NYPD officers armed with guns – the individual defendants – burst into Plaintiff's apartment.

14. Plaintiff was violently forced to the floor and handcuffed behind his back.

15. At least one officer pointed his military-style gun with a red laser at Plaintiff, even while Plaintiff was on the floor in handcuffs.

16. The acquaintance known as "Marley" was arrested and removed from the apartment building, while the other acquaintance (known to Plaintiff as "Denzel") was handcuffed inside the apartment.

17. The defendant officers thoroughly searched the entire apartment and found nothing unlawful.

18. In the course of their search, the officers threw around and destroyed numerous items, including Plaintiff's clothing, furniture, television, Xbox, and doors.

19. Plaintiff was in handcuffs for approximately 20-30 minutes during the duration of the search.

20. The individual defendants took Plaintiff's ID and, upon information and belief, performed a digital search of him on the NYPD Domain Awareness System.

21. At one point, Plaintiff heard one of the individual defendants stating, "It's clear, Captain."

22. After their search was complete, the officers left Plaintiff's apartment.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

23. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

24. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

26. Upon information and belief, the individual defendants' aforementioned abuse of power was not an isolated event. There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

27. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

**DAMAGES**

28. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

    b. Loss of liberty;

    c. Emotional trauma, distress, degradation, and suffering.

### SECTION 1983 CLAIMS

### FIRST CLAIM

### Illegal Search Under Section 1983

29. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

30. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful entries and searches of his home.

31. The defendant officers entered and searched Plaintiff's apartment, where he had a reasonable expectation of privacy, without a valid search warrant.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Excessive Force Under Section 1983

33. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

34. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

35. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### False Arrest Under Section 1983

36. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

37. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

38. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Failure to Intervene Under Section 1983

40. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

41. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

42. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

43. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

## FIRST CLAIM

### False Imprisonment under N.Y. State Law

44. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

45. The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**SECOND CLAIM**

**Battery Under N.Y. State Law**

47. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

48. As detailed above, the individual defendants intentionally subjected Plaintiff to offensive and harmful contact.

49. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

**THIRD CLAIM**

**Assault Under N.Y. State Law**

50. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51. As detailed above, the individual defendants intentionally made unwarranted threats of violence against Plaintiff by pointing their guns at him, creating a reasonable fear of being shot.

52. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

**FOURTH CLAIM**

**Trespass Under N.Y. State Law**

53. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54. As detailed above, the individual defendants intentionally entered Plaintiff's home without his consent.

55. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FIFTH CLAIM

**Trespass to Chattels Under N.Y. State Law**

56. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57. As detailed above, the individual defendants intentionally and physically interfered with Plaintiff's use of his personal property.

58. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SIXTH CLAIM

**Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code**

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. As detailed above, the individual defendants intentionally violated Plaintiff's right to be secure against unreasonable searches and seizures, and against excessive force, in violation of New York City Administrative Code Title 8, Chapter 8: The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used In Connection with a Search or Seizure. § 8-803 Civil action for deprivation of rights.

61. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SEVENTH CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)**

62. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

63. Defendant City owed a duty of care to Plaintiff to prevent the violations and abuse sustained by Plaintiff.

64. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

66. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

67. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## EIGHTH CLAIM

**Respondeat Superior Under N.Y. State Law**

68. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

69. Defendant City is the employer of the individual defendants.

70. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

71. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

  a. An order awarding compensatory damages for Plaintiff Dashaun Outlaw in an amount to be determined at trial;

  b. An order awarding punitive damages in an amount to be determined at trial;

  c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

  d. Such other and further relief as this Court may deem appropriate.

DATED: October 28, 2022     _____/s/_____
     New York, New York    CYRUS JOUBIN, ESQ.
               43 West 43rd Street, Suite 119
               New York, NY 10036
               (703) 851-2467
               joubinlaw@gmail.com
               Attorney for Dashaun Outlaw