UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DASHAUN OUTLAW,

                              Plaintiff,

              -v-

CITY OF NEW YORK ET AL.,

                            Defendants.

22 Civ. 9288 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      Through an exchange of letters, plaintiff Dashaun Outlaw and defendant the City of New York ("the City") have briefed a discovery dispute as to the means the defense may use to attempt to learn the identities of New York Police Department ("NYPD") officers named as defendants in this action. Dkt. 25 ("Pl. Br."); Dkt. 26 ("Def. Br.").

      Outlaw brings claims against the City and several unidentified NYPD officers under 42 U.S.C. § 1983, of, *inter alia*, false arrest, excessive force, and failure to intervene. To date, the parties have been unable to identify the NYPD officers who, Outlaw alleges, searched his apartment on December 31, 2021, while arresting non-party Christopher Jones. The parties propose different means to identify these officers. Outlaw seeks leave to conduct a Federal Rule of Civil Procedure 30(b)(6) deposition "directed to an organization." The City proposes, instead, that Outlaw conduct a deposition of two NYPD officers who were present at the arrest of Jones, with each deposition's length limited to 60 minutes.

      For the reasons that follow, the Court grants the City's request and denies Outlaw's.

      Rule 30(b)(6) permits a party to "name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity" provided that it "describe[s]

with reasonable particularity the matters for examination," and the parties "confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). "A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the limitations under Rule 26 of the Federal Rules of Civil Procedure." *Zurich Am. Ins. Co. v. Selective Ins. Co. of the Se.*, No. 22 Civ. 1315 (PAE), 2022 WL 16840234, at *1 (S.D.N.Y. Oct. 13, 2022). Thus, the party "most demonstrate that the information sought is relevant and material to the allegations and claims at issue," and may not serve an "overly broad" Rule 30(b)(6) notice that fails to identify the "outer limits of the areas of inquiry." *Id.* (citing *BlackRock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n.*, No. 14 Civ. 10067 (KPF) (SN), 2017 WL 3610511, at *11 (S.D.N.Y. Aug. 21, 2017). Outlaw has not met these requirements.

First, Outlaw has failed to meet Rule 30(b)(6)'s procedural requirements. He has not served the City with a notice or subpoena; he has not "describe[d] with reasonable particularity the matters for examination"; and he has not "confer[red] in good faith about the matters of the examination" with the City. Fed. R. Civ. Pro. 30(b)(6); *see* Def. Br. at 3. He has not even "name[d]" the deponent "organization" he wishes to depose, although the Court assumes he means the NYPD. *Id.*

Second, the Rule 30(b)(6) deposition as envisioned by Outlaw would not likely help identify the unnamed officers. Outlaw's states that he "wishes to understand [the partnership between the NYPD and the U.S. Marshall within the Fugitive Task Force] and probe the extent to which the NYPD and [the] U.S. Marshals plan and execute fugitive operations together." Pl. Br. at 2. Outlaw does not explain why the nature of such a partnership would help him identify the unnamed NYPD officers.

2

In contrast, depositions of two NYPD officers personally on scene for the arrest, as the City proposes, has substantial potential to help identify the unnamed participants in the events at issue.

The Court accordingly denies Outlaw's request to conduct a Rule 30(b)(6) deposition, and instead will permit Outlaw to conduct depositions of two NYPD officers (60 minutes each), who were on the scene for the arrest of non-party Jones.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 4, 2024
New York, New York