UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dashaun Outlaw,

                Plaintiff,

          -v-

The City of New York, et al.,

               Defendants.

22 Civ. 9288 (PAE)

## CONFIDENTIALITY STIPULATION AND PROPOSED PRIVACY ACT AND PROTECTIVE ORDER

WHEREAS, Plaintiff and non-party the United States Marshals Service ("USMS") having agreed to the following terms of confidentiality with respect to Plaintiff's *Touhy* request to the USMS seeking certain information and records in connection with this action, and the Court having found that good cause exists for the issuance of an appropriately tailored Privacy Act and Protective Order, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and Rule 26(c) of the Federal Rules of Civil Procedure, respectively, it is hereby ORDERED that that the following restrictions and procedures shall apply to the information and documents produced by the USMS in response to Plaintiff's *Touhy* request in connection with this action:

1.    Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the USMS to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure

(even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

2. Counsel for the USMS may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the USMS in information that is proprietary, law enforcement privileged, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by the USMS as confidential will be stamped "CONFIDENTIAL."

3. The Confidential Information disclosed will be held and used by the party receiving such information solely for use in connection with the action.

4. In the event a party challenges the USMS's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel, and the Defendant and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d.  The Court (including any mediator or other person having access to any Confidential Information by virtue of his or her position with the Court). The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

6.  Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a.  Inform the person of the confidential nature of the information or documents;

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.  The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the USMS's right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) produced in connection with the USMS's *Touhy* response shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the USMS from asserting legal claims or

3

constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Any deposition questions intended to elicit testimony regarding Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information. Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Confidential Information.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. If any party seeks to publicly file with the Court any Confidential Information, or portions of pleadings, motions, or other papers that disclose Confidential Information, that party shall provide the USMS with no less than ten days' advance written notice of its intent to file such material. The USMS may then make an application to the Court requesting that the material be filed and kept under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. The parties and the USMS will use their

best efforts to minimize the need to file documents under seal. In all other respects regarding requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

12. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Confidential Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the USMS no less than ten days prior to disclosure, dissemination, or transmittal so as to provide the USMS sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Confidential Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Confidential Information shall, before receiving the Confidential Information, be provided with a copy of this Order and shall acknowledge his/her agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the USMS.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the USMS or, upon permission of the USMS, destroyed.

14. Nothing in this Order shall prevent any disclosure of Confidential Information by the USMS.

SO STIPULATED AND AGREED TO BY:

Dated: August 13, 2024
      New York, New York

Dated: August 13, 2024
      New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
CYRUS JOUBIN
Attorney at Law
43 West 43rd Street, Suite 119
New York, NY 10036
Tel.: 347-223-4296
 Email: cyrus.joubin@gmail.com
*Counsel for Plaintiff*

By:  /s/ Jeffrey Oestericher
JEFFREY OESTERICHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2695
E-mail: jeffrey.oestericher@usdoj.gov
*Counsel for the United States Marshals Service*

SO ORDERED:

_____
PAUL A. ENGELMAYER
United States District Judge

Dated:   Aug. 15, 2024
      New York, New York

6