UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DASHAUN OUTLAW,

                              Plaintiff,

-v-

CITY OF NEW YORK ET AL.,

                             Defendants.

22 Civ. 9288 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This order resolves a discovery dispute regarding documents that plaintiff Dashaun Outlaw seeks to file publicly as exhibits to his motion for leave to amend his Complaint, which brings claims under 42 U.S.C. § 1983 against New York City and several unidentified New York Police Department ("NYPD") officers of, *inter alia*, false arrest, excessive force, and failure to intervene.

    On September 27, 2024, Outlaw filed a motion for leave to amend the Complaint, memorandum of law in support, and a declaration with accompanying exhibits. Dkts. 39–41. He represents that, in discovery, he obtained information warranting the amendment. *See* Dkt. 35 at 2–3. On October 1, 2024, non-party the United States Marshals Service ("USMS") opposed the motion in part, arguing that certain exhibits should be filed under seal. *See* Dkts. 43, 45. These are Exhibit K, a confidential list of Special Deputy U.S. Marshals provided by the USMS in discovery in response to a *Touhy* request, and Exhibits L and M, the deposition transcripts of NYPD Detectives Alberto Torres and John Cutrona, respectively. Outlaw opposes filing the deposition transcripts under seal and takes no position concerning the sealing of the confidential list. Dkt. 44.

The Court directs that Exhibit K, the list of Special Deputy U.S. Marshals, be filed under seal, and, pending further briefing, directs that Exhibits L and M, the deposition transcripts, be filed under seal. On the present record, however, the Court cannot determine whether there is a proper basis for these transcripts to be durably filed under seal. The USMS represents that these depositions were taken without notice to them or compliance with the Department of Justice's *Touhy* regulations, and that such measures were required because the deponent police officers were members of an apparently federal-state task force, the Regional Fugitive Task Force. On the present record, however, the Court cannot determine whether plaintiff acted improperly in taking the depositions, and if so, what the proper remedy would be, and whether it would include, as the USMS urges, striking such depositions for all purposes pending compliance with the governing regulations.

The Court accordingly grants the USMS's request that the deposition transcripts be filed under seal, subject to further briefing. The Court directs the USMS to file a letter, due Tuesday, October 15, 2024, setting out – with appropriate factual development and legal support – its argument that the depositions were improperly taken and its position as to the appropriate remedy. Outlaw's response is due Tuesday, October 22, 2024.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 7, 2024
      New York, New York